IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **Kevin Brooks, individually and on behalf of all other similarly situated employees**<br><br>*Plaintiffs,*<br><br>v.<br><br>**TNBN5, Inc. d/b/a Advanced Auto Repair; and Tommy Nickelson, individually**<br><br>*Defendants.* | **No.** 25-1110<br><br>**COLLECTIVE ACTION COMPLAINT** |

Plaintiff, Kevin Brooks, individually and on behalf of all other similarly situated employees under 29 U.S.C. § 216(b), files this Collective Action Complaint against TNBN5, Inc. d/b/a Advanced Auto Repair ("AAR") and Tommy Nickelson (collectively, "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended ("FLSA").

### I.   NATURE OF SUIT

1. Defendants failed to pay Plaintiff, and other employees like Plaintiff, overtime wages as required by Section 207 of the FLSA. Accordingly, Plaintiff files this Complaint individually and on behalf of all other employees who consent to join this lawsuit pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages and all other damages under the FLSA.

2. In 1938, Congress passed the FLSA in an attempt to eliminate low wages, long hours, and provide American workers with a wage that would support a minimum standard of

living.[1] "There can be no doubt that the purpose of the FLSA was and is to protect interstate employees by denying their employers the tool of toying with workers' wages when battling in the competitive market." *Martinez v. Behring's Bearings Service, Inc.*, 501 F.2d 104, 107 (5th Cir. 1974).

3. Section 207 of the FLSA requires covered employers to compensate all non-exempt employees in an amount not less than one-and-a-half times his or her regular rate of pay for each hour worked after forty (40) hours in a workweek.[2] *See* 29 U.S.C. § 207(a)(1).

4. Section 216(b) of the FLSA creates a cause of action against an employer who violates the overtime compensation requirements. *See* 29 U.S.C. § 216(b).

5. Plaintiff and employees like Plaintiff (defined below) routinely worked in excess of forty (40) hours per workweek during their employment with Defendants, but Defendants failed to compensate them at one-and-one-half times the regular rate for all hours worked over forty (40) in each workweek. Instead of paying overtime, as required by the FLSA, Defendants paid Plaintiff and employees like Plaintiff the same for all hours worked.

6. Plaintiff and employees like Plaintiff did not (and do not) perform work that meets the definition of exempt work under the FLSA.

7. Accordingly, Plaintiff seeks to recover all unpaid overtime wages, liquidated damages, attorneys' fees, and costs provided for under Section 216(b) of the FLSA.

---

[1] *Barrentine v. Arkansas-Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981) (stating the purpose of the FLSA is to provide "specific minimum protections to individual workers and to ensure that each employee covered by the Act ... receive[s] '[a] fair day's pay for a fair day's work' and [is] protected from 'the evil of "overwork" as well as "underpay."')

[2] The term "week" or "workweek", as used in this Complaint, shall mean "a fixed and regularly recurring period of 168 hours – seven consecutive 24-hour periods. It need not coincide with the calendar week but can begin on any day and at any hour of the day." *See* 29 C.F.R. § 778.105.

8. As provided for under 29 U.S.C. § 216(b), Plaintiff requests that all of Defendants' similarly situated employees be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II. PARTIES

9. Plaintiff, Kevin Brooks, is an individual and resident of Texas. Plaintiff, Kevin Brooks was employed by Defendants within the three-year period preceding the filing of this lawsuit. Plaintiff, Kevin Brooks consented to be a party-plaintiff to this action as indicated by the notice of consent *attached as* Exhibit 1 filed with the Court.

10. This lawsuit is brought on behalf of other employees who are similar to Plaintiff ("Collective Members" or "employees like Plaintiff") defined as: all individuals who were employed by Defendants to work as tow truck drivers at Advanced Auto Repair at any time within the three (3) year period preceding the filing of this lawsuit through the final disposition of this matter, and were not paid one-and-one-half their regular rate for the hours worked over forty in a workweek. Individuals will "opt in" pursuant to Section 216(b) of the FLSA by filing a consent to become a party-plaintiff. *See* 29 U.S.C. § 216(b).

11. At all times hereinafter mentioned, Plaintiff and Collective Members were individual employees of Defendants who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206, 207.

12. Defendant, TNBN5, Inc., is an entity formed under the laws of Texas. Defendant maintains its principal place of business in Denton, Texas. Defendant can be served with process by serving its registered agent, Merki & Assoc, at 1204 W. University Dr. #205, Denton, Texas

76201, or by serving an authorized person at its principal place of business, 612 Fort Worth Dr., Denton, Texas 76201, or wherever it may be found.

13. Defendant, Tommy Nickelson, is an individual who qualifies as an employer under the FLSA. entity formed under the laws of Texas. Defendant, Tommy Nickelson can be served with process at his residence 1032 Ridgetop Drive, Justin, Texas 76247, or at his place of business, 612 Fort Worth Dr., Denton, Texas 76201, or wherever he may be found.

### III.   JURISDICTION AND VENUE

14. This Court has subject-matter jurisdiction because this matter involves claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* Therefore, pursuant to 28 U.S.C. § 1331, this Court has subject-matter jurisdiction.

15. This Court has personal jurisdiction over Defendants. Defendants are both doing business in Texas. Defendants also employ Texas residents, including Plaintiff, to work in Texas.

16. Defendant AAR maintains its principle place of business in Denton, Texas.

17. Venue is proper in this District and Division because at least one of the Defendants resides in this division and district.

### IV.   COVERAGE UNDER THE FLSA

18. Plaintiff realleges and incorporates all allegations in the preceding.

19. At all times relevant, Plaintiff and Collective Members were (and are) Defendants' "employees" as that term is defined by the FLSA and relevant case law. *See, e.g., Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 327 (5th Cir. 1993).

20. At all relevant times, Defendants, individually and jointly together, have been an "employer" of Plaintiff and Collective Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. Defendants have, individually and jointly together, enjoyed gross receipts in excess of $500,000 (exclusive of excise tax) in each of the three years preceding the filing of this lawsuit.

22. At all relevant times, Defendants, individually and jointly together, have acted directly or indirectly in the interest of an employer with respect to Plaintiff and Collective Members.

23. Defendant, Tommy A. Nickelson, as President and owner of TNBN5, Inc. d/b/a Advanced Auto Repair, controls the day-to-day decisions of Advanced Auto Repair by making strategic, operational and policy decisions, and exerting operational control over its employees. Therefore, Defendant Tommy A. Nickelson, qualifies as an employer under the FLSA, 29 U.S.C. § 203(d), and is thus liable for any violations of the FLSA.

24. At all relevant times, Defendants have been an "enterprise" within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r), in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose where Plaintiff and Collective Members were (and are) employed to work.

25. At all relevant times, Defendants, individually and collectively together, have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for

commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

26. At all relevant times, Plaintiff and Collective Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) of Defendants who were all engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. As part of their employment, Plaintiff and Collective Members handled equipment and other items that were purchased across state lines or traveled in interstate commerce, or both.

## V. Facts

27. Plaintiff realleges and incorporates all allegations in the preceding paragraphs.

28. Defendants own and operate an auto maintenance and repair shop known as Advanced Auto Repair.

29. Defendants operate their business in Dallas-Fort Worth and surrounding areas.

30. In connection with the operations of their auto maintenance and repair shop, Defendants employed Plaintiff as a tow truck driver.

31. Plaintiff worked for Defendants from approximately July 2021 until on or about July 2024.

32. Defendants employed other individuals, like Plaintiff, to work as tow truck drivers.

33. During Plaintiff's employment, Defendants paid Plaintiff a weekly flat rate.

34. However, Plaintiff routinely worked more than forty (40) hours in a week.

35. In fact, regularly worked a minimum of 45-to-50 hours each week.

36. Indeed, Plaintiff often worked as many as 60 hours per week.

37. Defendants, however, did not pay Plaintiff overtime wages of one and one-half Plaintiff's regular rate for the hours Plaintiff worked over forty (40) hours in a week.

38. Instead, Defendants paid Plaintiff a flat weekly rate of pay for time worked up to forty (40) hours in a workweek, but did not pay Plaintiff any additional wages for the hours he worked after forty (40) hours in a workweek.

39. In other words, Defendants did not pay Plaintiff for working more than forty (40) hours in a workweek.

40. Defendants have a practice of not paying Plaintiff and other employees like Plaintiff wages for any of the hours they work over forty (40) hours in a week.

41. Plaintiff and other employees like Plaintiff routinely worked more than forty (40) hours in a workweek.

42. However, Defendants failed to compensate Plaintiff and other employees like Plaintiff overtime at one-and-one-half their regular rate of pay for the hours worked over forty hours in a workweek.

43. In other words, Plaintiff and other employees like Plaintiff were not paid overtime of one and one-half their regular rates of pay for the hours they worked over forty (40) hours in a workweek.

44. Plaintiff and employees like Plaintiff are not-exempt from overtime.

45. At all relevant times, Plaintiff and other employees like Plaintiff were assigned duties that required them to work more than forty (40) hours each workweek.

46. At all relevant times, Plaintiff and other employees like Plaintiff routinely worked more than forty (40) hours each workweek.

47. During the three-year period prior to this suit, Defendants employed other employees like Plaintiff to perform similar job duties under a similar payment scheme as used to compensate Plaintiff.

48. Defendant AAR is not a motor carrier or motor private carrier, as defined in 49 U.S.C. Section 13102.

49. Defendant Nickelson is not a motor carrier or motor private carrier, as defined in 49 U.S.C. Section 13102.

50. During their employment, Plaintiff and employees like Plaintiff worked as drivers, driver's helpers, loaders, or mechanics whose duties affect the safety of operation of motor vehicles the weighed 10,000 pounds or less.

51. In connection with their employment for Defendants, Plaintiff and other employees like Plaintiff regularly operated or worked on vehicles that weighed less than 10,001 pounds.

52. On any given week, the worked performed by Plaintiff and other employees like Plaintiff affected the safety of operating a vehicle weighing 10,000 pounds or less.

53. Plaintiff and other employees like Plaintiff drove, loaded, or worked as mechanics on vehicles that weighed 10,000 pounds or less.

54. Defendants employed Plaintiff and employees like Plaintiff within the three (3) year period preceding the filing of this lawsuit and did not pay Plaintiff and employees like Plaintiff wages, including overtime wages, for any hours worked after forty (40) hours in a week.

55. Defendants' method of paying Plaintiff and employees like Plaintiff in violation of the FLSA was willful and not based on any good-faith reasonable belief that it was in compliance with the FLSA. Therefore, a three-year statute of limitations applies due to the willful nature of

the violations. 29 U.S.C. § 255(a).

56. Moreover, Defendants cannot show that their method of paying Plaintiff and other employees like Plaintiff was based on good faith and a reasonable belief that it complied with the FLSA, and therefore Plaintiffs are entitled to a mandatory award of liquidated damages. *See* 29 U.S.C. § 216(b).

### VI. COLLECTIVE ACTION ALLEGATIONS

57. Plaintiff realleges and incorporates all allegations in the preceding paragraphs.

58. Plaintiff brings this lawsuit under the FLSA as an "opt-in" collective action as provided for under Section 216(b) of the FLSA. *See* 29 U.S.C. § 216(b) ("An action [under the FLSA] may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."). In other words, in addition to the individual claims asserted by Plaintiff individually, Plaintiff brings this action on behalf of other employees like Plaintiff who are similarly entitled to recover unpaid wages from Defendants under the FLSA.

59. FLSA claims may be pursued by those who opt-in to this case pursuant to Section 216(b) by filing a Notice of Consent to become a party-plaintiff. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he [or she] gives his [or her] consent in writing to become such a party and such consent is filed in the court. . . .").

60. Plaintiff therefore seeks to notify other employees who are similarly situated to Plaintiff of their right to join this action against Defendants to recover unpaid wages and other damages under the FLSA. At the time of filing this Complaint, Plaintiff believes the scope of the Collective Members sought to be notified can be defined as:

9

> **All individuals who were employed by Defendants as tow truck drivers at any time within the three (3) year period preceding the filing of this lawsuit through the final disposition of this matter, and were not paid overtime wages of one-and-one-half their regular rate for the hours worked over forty in a workweek.**

61. The proposed Collective Members encompassed within the above definition are similarly situated in that they have been subject to uniform practices by Defendants in violation of the FLSA, including Defendants' uniform failure to pay them any wages, including overtime wages, for any time worked after forty (40) hours in a week.

62. Plaintiff, individually and on behalf of other employees like Plaintiff, seek damages and relief under the FLSA for Defendants' failure to pay overtime wages for the time they worked after forty (40) in each workweek.

63. Plaintiff and Collective Members were all victims of Defendants' unlawful practices in violation of the FLSA as set forth above.

64. Plaintiff and Collective Members are not exempt from the FLSA's overtime requirements.

65. Defendants' failure to pay overtime compensation pursuant to the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members.

66. Plaintiff's experience regarding pay is typical of the experiences of the Collective Members.

67. Although the exact amount of damages may vary among Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The Collective Members' claims arise from a common nucleus of facts. Specifically, Defendants' systematic

course of wrongful conduct caused harm to Plaintiff and the Collective Members in violation of the FLSA's overtime requirements.

### VII. CAUSE OF ACTION: UNPAID OVERTIME UNDER THE FAIR LABOR STANDARDS ACT

68. Plaintiff realleges and incorporates all allegations in the preceding paragraphs.

69. At all material times, Plaintiff and the Collective Members were employees of Defendants.

70. At all material times, Plaintiff and the Collective Members were not paid on a salary basis.

71. At all material times, Plaintiff and the Collective Members did not qualify as exempt from the FLSA's overtime requirements.

72. Defendants did not consider Plaintiff and Collective Members to be employees who were exempt from overtime.

73. During the relevant period, Defendants violated the provisions of Section 7 of the FLSA, 29 U.S.C. § 207, 215(a)(2), by employing Plaintiff and Collective Members in an enterprise engaged in commerce within the meaning of the FLSA, as aforesaid, and failing to pay such employees at a rate of not less than one-and-one-half times the regular rate[3] for the hours they worked over forty (40) hours in each workweek.

74. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required overtime rate are applicable to

---

[3] The regular rate must include all compensation, bonuses, and other remuneration paid by Defendants for purposes of calculating the overtime owed to Plaintiff and Collective Members. *See* 29 U.S.C. § 207(e); *see also* 29 C.F.R. 778.208.

any of the Defendants, Plaintiff, or Collective Members.

75. Defendants are not exempt from paying overtime under the FLSA.

76. Plaintiff nor Collective Members performed work that would lawfully permit Defendants to classify them as exempt from overtime.

### VIII. DAMAGES SOUGHT

77. Plaintiff realleges and incorporates all allegations in the preceding paragraphs as if set forth in full.

78. Plaintiff and Collective Members are entitled to recover overtime compensation at one-and-one-half their regular rates of pay for every hour worked over forty (40) hours in each workweek, plus an equal amount as liquidated damages.

79. Plaintiff and Collective Members are entitled to an amount equal to all unpaid wages found due as liquidated damages because Defendants' actions were not based upon good faith. *See* 29 U.S.C. § 216(b).

80. Plaintiff and Collective Members are entitled to recover damages for the past three (3) years because Defendants' violations were willful.

81. Finally, Plaintiff and Collective Members are entitled to recover all attorneys' fees, expenses, and costs incurred as required by the FLSA. *See* 29 U.S.C. § 216(b).

### IX. PRAYER

82. Plaintiff and Collective Members pray that a final judgment be entered against Defendants, jointly and severally, awarding Plaintiff and Collective Members the following relief:

   a. a final judgment be entered against Defendants, finding Defendants jointly and severally liable to Plaintiff (and those who file a consent to join this matter) for all damages provided for under the FLSA;

    b. awarding Plaintiff (and those who file a consent to join this matter) all damages provided for under the FLSA including an award of unpaid wages (including overtime wages) and liquidated damages in an amount equal to the unpaid wages (including overtime wages) awarded to Plaintiff (and those who file a consent to join this matter);

    c. awarding Plaintiff (and those who file a consent to join this matter) all attorneys' fees, expenses, and costs incurred in connection with this matter as required by Section 216(b) of the FLSA;

    d. awarding Plaintiff (and those who file a consent to join this matter) an amount of pre-judgment interest, as may be appropriate, and post-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

    e. awarding any such other relief and further relief that Plaintiff (and those who file a consent to join this matter) may be justly or rightfully entitled.

Respectfully submitted,

By: */s/ Drew N. Herrmann*
Drew N. Herrmann
Texas Bar No. 24086523
drew@herrmannlaw.com
Pamela G. Herrmann
Texas Bar No. 24104030
pamela@herrmannlaw.com

**HERRMANN LAW, PLLC**
801 Cherry St., Suite 2365
Fort Worth, TX 76102
Phone: 817-479-9229

ATTORNEYS FOR PLAINTIFF
AND FLSA OPT-IN PLAINTIFFS