IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| Kevin Brooks, individually and on behalf of all other similarly situated employees,<br>    Plaintiffs,<br><br>v.<br><br>TNBN5, Inc. d/b/a Advanced Auto Repair; and Tommy Nickelson, individually,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case no. 4:25-cv-01110-SDJ |

## DEFENDANTS ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant Tommy Nickelson, individually and TNBN5, Inc. dba Advanced Auto Repair (collectively referred to as "Defendants") and files this their Defendants Original Answer and Affirmative Defenses. Pursuant to Federal Rule of Civil Procedure 8(b), Defendants respond to the allegations in each corresponding paragraph of the Complaint as follows:

I. Nature of Suit

1. Defendants deny the allegations in ¶1.

2. Defendants admit the allegations ¶2 in that Congress passed the FLSA and deny the remaining allegations in ¶2.

3. Defendants admit that the FLSA requires employes to compensate all non-exempt employees and deny remaining allegations in ¶3.

4. Defendants admit that the FLSA provides a cause of action against employers who violate overtime compensation requirements of 29 U.S.C. § 216(b) and deny the remaining allegations in ¶4.

DEFENDANTS ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES    Page 1
Case no.   4:25-cv-01110-SDJ

5. Defendants deny the allegations in ¶5.

6. Defendants deny the allegations in ¶6.

7. Defendants deny the allegations in ¶7.

8. Defendants deny the allegations in ¶8 in that Plaintiff has failed to allege why a notice of collection action should be sent to any other employees of Defendants.

## II. Parties

9. Defendants admit the allegations in ¶9 that Plaintiff is a resident of the State of Texas and that Plaintiff was employed by Defendants. Defendants deny the remaining allegations of ¶9.

10. Defendants deny the allegations in ¶10 in that Plaintiff has failed to allege why a notice of collection action should be sent to any other employees of Defendants.

11. Defendants deny the allegations in ¶11.

12. Defendants admit the allegations in ¶12.

13. Defendants admit that the personal and business addresses are stated correctly in the Complaint and deny the remaining allegations in ¶13.

## III. Jurisdiction and Venue

Defendants generally admit that this Court has original jurisdiction to hear this Complaint under the Fail Labor Standards Act, 29 U.S.C. § 201 et. seq. and that venue is proper in this Court.

14. Defendants admit the allegations in ¶14.

15. Defendants admit the allegations in ¶15.

16. Defendants admit the allegations in ¶16.

17. Defendants admit the allegations in ¶17.

## IV. Coverage Under the FLSA

18. Defendant realleges and incorporates the allegations in the preceding paragraphs.

19. Defendants admit that Plaintiff was employed by TNBN5, Inc. and deny the remaining allegations in ¶19.

20. The allegations of ¶20 of the Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

21. Defendants can neither confirm or deny the allegations in ¶21, but will upon further investigation provide financial records that can substantiate the gross receipts of Defendant TNBN5, Inc.

22. Defendants deny the allegations in ¶22.

23. Defendants admit that Tommy Nickelson is the President and Owner of TNBNS, Inc. dba Advanced Auto Repair and deny the remaining allegations in ¶23.

24. The allegations of ¶24 of the Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

25. The allegations of ¶25 of the Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

26. The allegations of ¶26 of the Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

## V. Facts

27. Defendant realleges and incorporates the allegations in the preceding paragraphs.

28. Defendants admit the allegations in ¶28.

29. Defendants admit their business operates in Dallas-Fort Worth and surrounding areas as alleged in ¶29.

30. Defendants admit Plaintiff was employed as a tow truck driver and deny the remaining allegations in ¶30

31. At this time Defendants can neither admit nor deny the allegations that Plaintiff worked from approximately July 2021 through approximately July 2024.

32. Defendants admit Plaintiff was employed as a tow truck driver and deny the remaining allegations in ¶32.

33. Defendants admit Plaintiff was paid a flat weekly salary and deny the remaining allegations in ¶33.

34. Defendants deny the allegations in ¶34.

35. Defendants deny the allegations in ¶35.

36. Defendants deny the allegations in ¶36.

37. Defendants deny the allegations in ¶37.

38. Defendants admit Plaintiff was paid a flat weekly salary and deny the remaining allegations in ¶38.

39. Defendants deny the allegations in ¶39.

40. Defendants deny the allegations in ¶40.

41. Defendants deny the allegations in ¶41.

42. Defendants deny the allegations in ¶42.

43. Defendants deny the allegations in ¶43.

44. Defendants deny the allegations in ¶44.

45. Defendants deny the allegations in ¶45.

46. Defendants deny the allegations in ¶46.

47. Defendants deny the allegations in ¶47.

48. Defendants deny the allegations in ¶48.

49. Defendants deny the allegations in ¶49.

50. Defendants deny the allegations in ¶50.

51. Defendants deny the allegations in ¶51.

52. Defendants deny the allegations in ¶52.

53. Defendants deny the allegations in ¶53.

54. Defendants deny the allegations in ¶54.

55. Defendants deny the allegations in ¶55.

56. Defendants deny the allegations in ¶56.

## VI. Collective Action Allegations

57. Defendant realleges and incorporates the allegations in the preceding paragraphs.

58. Defendants deny the allegations in ¶58 and asserts that Plaintiff has failed to show a "strong likelihood" that there are other employees are similarly situated to Plaintiff.

59. The allegations of ¶59 of the Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

60. Defendants deny the allegations in ¶60 and asserts that Plaintiff has failed to show a "strong likelihood" that there are other employees are similarly situated to Plaintiff.

61. The allegations of ¶61 of the Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

62. Defendants deny the allegations in ¶62.

63. Defendants deny the allegations in ¶63.

64. Defendants deny the allegations in ¶64.

65. Defendants deny the allegations in ¶65.

66. Defendants deny the allegations in ¶66.

67. Defendants deny the allegations in ¶67.

## VII. Cause of Action: Unpaid Overtime Under The Fair Labor Standards Act

68. Defendant realleges and incorporates the allegations in the preceding paragraphs.

69. Defendants admit Plaintiff was employed by Defendants and deny the remaining allegations in ¶69.

70. Defendants deny the allegations in ¶70.

71. Defendants deny the allegations in ¶71.

72. Defendants deny the allegations in ¶72.

73. The allegations of ¶73 of the Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

74. Defendants deny the allegations in ¶74.

75. Defendants deny the allegations in ¶75.

76. Defendants deny the allegations in ¶76.

## VII. Damages Sought

77. Defendant realleges and incorporates the allegations in the preceding paragraphs.

78. Defendants deny the allegations in ¶78.

79. Defendants deny the allegations in ¶79.

80. Defendants deny the allegations in ¶80.

81. Defendants deny the allegations in ¶81.

82. Defendants deny the allegations in ¶82.

## DEFENDANTS AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Defendants invoke the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

3. At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA.

4. Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA.

5. This action is barred to the extent Plaintiff seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA.

6. Defendants affirmatively assert that the Plaintiff was employed as an operator of a motor vehicle over 10,000 pounds.

7. Defendants affirmatively assert that the FLSA authorizes the payment of a fixed salary for fluctuating hours.

8. In the alternative, Defendants are entitled to offset monies or other consideration paid or provided to Plaintiff by Defendants for periods in which Plaintiff was not engaged to work.

9. To the extent that Plaintiff may seek punitive damages, Plaintiff's recovery is limited by applicable provisions of the FLSA and the Texas and/or United States Constitutions. Any award of punitive damages to Plaintiff in this case would be in violation of the FLSA and the constitutional safeguards provided to Defendants under the Constitution of the United States and/or the laws of the State of Texas.

10. Plaintiff is not entitled to punitive/liquidated damages as Defendants did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

DEFENDANTS ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES  Page 7
Case no.   4:25-cv-01110-SDJ

11. Plaintiff's action is barred because he seeks to recover for time that is de minimus work time and thus not compensable under the FLSA.

12. Without assuming the burden of proof, Defendants complied with all recordkeeping requirements of the FLSA.

13. Without assuming the burden of proof, Plaintiff and members of the purported class or collective action are not similarly situated. The potential claims of the purported class members reflect variability.

14. Plaintiff have failed to mitigate their alleged damages.

15. All actions taken by Defendants with respect to Plaintiff were supported by legitimate business reasons.

16. Defendants reserve the right to assert further affirmative defenses as they become evident through discovery investigation.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that their answer be deemed good and sufficient and all claims by Plaintiff against Defendants be dismissed, with prejudice, and such other and further relief, legal and equitable, including attorney's fees, be awarded Defendants.

Respectfully submitted,

**COLEMAN LAW FIRM P.C.**

/S/
Hugh Coleman
Texas Bar No. 00792416
Russell Coleman
Texas Bar No. 04571300
Coleman Law Firm P.C.
1415 North Elm Street – Suite 101
Denton, Texas 76201
Telephone: (940) 735-4007
Direct: (940) 387-4844
E-mail: Hugh@colemanlf.com
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to any CM/ECF participants.

Date: 12-22-2025    /S/
Hugh Coleman